**FIDELITY OIL CO. OF NEW JERSEY v. SWINNEY et al. (No. 10262.)**

(Court of Civil Appeals of Texas. Fort Worth. March 29, 1924.)

**1. Costs ⊜≈254(1)—Stenographer's fees for preparation of narrative statement of evidence held properly taxed on appeal.**

Under Vernon's Sayles' Ann. Civ. St. 1914 or Complete Tex. St. 1920, arts. 1923, 1924, requiring reporter to file transcript in question and answer form of testimony, and article 2070, requiring reporter, on request of appellant, to prepare from transcript so filed a statement of facts in narrative form, cost of which shall not be taxed as costs, where it affirmatively appeared that no transcript in

question and answer form had been filed, *held*, that an item of stenographers' fees for making statement in narrative form was properly taxed as costs in favor of appellant.

**2. Evidence ⊜≈91—Party pleading benefit of statutory exception has burden of bringing himself within same.**

The party pleading the benefit of a statutory exception has the burden of bringing himself within it.

**3. Costs ⊜≈262—Motion to retax costs on appeal held filed too late to warrant relief.**

Where a motion to retax costs on appeal was made more than eight months after the disposition of case by appellate court, and where intervening motions for new trial by different parties had made no complaint of any item of cost, though such parties must have known and were charged with knowledge of items chargeable against them, *held*, that motion did not show due diligence, and was too late to warrant relief.

On motion to retax costs. Motion overruled.

For former opinion, see 254 S. W. 137.

CONNER, C. J. Appellees have filed a motion to retax the costs in this case. The effort is to eliminate from the cost bill as taxed by the clerk the item of $167 as "stenographer's fee." In support of the motion appellees present an affidavit of the stenographer who served in that capacity on the trial in the court below to the effect that he did not prepare and have filed a Q. and A. form of the evidence on the trial, as provided for in article 2070 of the Complete Texas Statutes of 1920, and also the certificate of the clerk of the court that no transcript of such evidence upon the trial in that form was filed in his court. It is made to further appear that the statement of facts before us is one made out by the stenographer in narrative form at the request of attorneys for appellant.

Chapter 11 of title 37 of the 1920 Statutes provides for the appointment of stenographers or shorthand reporters, and article 1923 of that chapter requires the shorthand reporter to attend all sessions of the court, and to take full shorthand notes of all the oral testimony offered in every case tried, together with all objections to the admissibility of testimony, the rules and remarks of the court thereon, and all exceptions to such rules, and to preserve all such shorthand notes taken for future use or reference for four years, and to furnish any person a transcript in Q. and A. form of all such evidence or other proceedings, or any portion thereof, upon the payment to him of the compensation provided for in the statutes.

Article 1924 of the chapter provides that the reporter shall transcribe the testimony and other proceedings recorded by him in the form of Q. and A., and certify that such transcript is true and correct, and shall file

the same in the office of the clerk of the court. It is further provided in the article that the transcript shall be made in duplicate, for which the reporter shall be paid the sum of 15 cents per folio of 100 words for the original copy, and that no charge shall be made for the duplicate copy, said transcript to be paid for by the party ordering the same on delivery, and the amount so paid shall be taxed as costs.

Article 2070 of the same title and statute provides that upon the filing in the office of the clerk of the transcript, as provided in article 1924, the party appealing shall prepare or cause to be prepared from the transcript filed by the reporter a statement of facts in duplicate, the original of which shall be sent to the appellate court on appeal. This article further provides that the reporter, on request by the party appealing, shall prepare from the transcript filed by him a statement of facts in narrative form in duplicate and deliver the same to the party appealing, which is to be paid for by the party appealing, and the amount so paid shall not be taxed as costs in the case. It is under this latter provision that appellees insist that the item of cost under consideration is not taxable.

[1-3] Did it appear that the reporter on the trial below had in fact made out a transcript of the testimony and proceedings in Q. and A. form and filed such transcript in the court below, as provided for in the articles of the statutes referred to, and that the statement under consideration had been made out at the request of the appellant from such transcript by the reporter, then it is clear, under article 2070, that the item under consideration should not have been taxed, but it is not made to thus appear. It is affirmatively shown that the reporter in fact filed no transcript of evidence in the court below in Q. and A. form, and therefore appellees have not brought themselves within the exception provided for in the statutes. It is but equitable, and the uniform rule in the practice of the courts, to adjudge the costs of appeal against the losing party, as was done in this case, and that the narrative form of the statement of facts under consideration shows cost incurred by appellant on its appeal cannot be doubted. It may therefore be well said, applying a familiar rule of statutory construction, that a party who pleads the benefit of an exception has the burden of bringing himself within it. But, irrespective of this suggestion, we are of the opinion that the motion to retax the costs comes too late.

Article 2108 of the Complete Statutes of 1920 provides that when an appeal or writ of error has been perfected the clerk of the court, upon application, shall deliver a transcript of the record in the cause. The next article prescribes that the transcript shall contain a full and correct copy of all the proceedings had in the case, including, as provided in article 2113, "a copy from the fee book of all the costs that have accrued in the cause." The transcript in this case was filed in this court on the 25th day of May, 1922. Attached thereto is a copy of the costs in the cause, including the item of "statement of facts $167 (paid by defendant)," to which the clerk certifies under his hand and seal that the "foregoing is a true and correct statement of the court costs in the cause."

The case came on to be heard in this court, and the judgment below was reversed and the cause remanded on May 19, 1923, judgment of reversal decreeing that all costs of the appeal should be taxed against appellees. On June 2, 1923, motions for new trial were severally filed by appellees Henry Benham, W. R. Swinney, and others, the Independent Torpedo Company, and the First National Bank of Breckenridge. These motions were all severally overruled on June 30, 1923, and the motion to retax the costs now before us was not filed in this court until March 4, 1924.

As a basis for the taxation of costs of appeal, this court can only be guided by the bill of costs as certified to by the clerk of the court below, except in cases when within proper time it may be shown that any one or more items of costs so taxed is incorrect. Appellees must have known as early as May 19, 1923, that the "decree against them for costs of appeal" included as a matter of law all items certified by the clerk below, and must be imputed to have known as early as May 19, 1923, that the judgment of reversal taxing them with the costs included the item now questioned. It was not questioned, however, in either one of the motions for rehearing overruled on June 30, 1923, nor was any complaint made otherwise in any form until March 4, 1924, when a motion was filed at the present and succeeding term of this court. This being true, some of us, at least, incline to the view that in effect the motion is to correct our judgment decreeing costs against appellees, and that therefore we have lost jurisdiction to afford the relief now sought. But we are all agreed, regardless of this suggestion, that appellees have been lacking in due diligence, and that the motion to retax comes too late. See Burris v. Booth (Tex. Civ. App.) 40 S. W. 186.

The motion is accordingly overruled.